IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OBENSON BIEN AIME, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 13-1686-SLR |
| | ) |
| WARDEN OF LORDES VALLEY | ) |
| IMMIGRATION FACILITY, and | ) |
| ATTORNEY GENERAL OF THE | ) |
| STATE OF DELAWARE, | ) |
| | ) |
| Respondents. | ) |

Obenson Bien Aime.  Pro se petitioner.

Morgan Taylor Zurn.  Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for respondents.

**MEMORANDUM OPINION**

February 18, 2016
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Pending before the court is petitioner Obenson Bien Aime's ("petitioner") application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] (D.I. 1) Petitioner filed the application while in federal custody subject to an Agreement to Return to serve his Delaware Level 4 sentence; he has since been deported.[2] (D.I. 9 at 3 n.1) For the reasons that follow, the court will dismiss his application.

## II. PROCEDURAL BACKGROUND

Petitioner was arrested on May 31, 2012 and again on September 4, 2012. (D.I. 9 at 1) On November 21, 2012, he pled guilty to one charge of second degree robbery and one charge of attempted second degree robbery. (D.I. 11, Del. Super. Ct. Crim. Dkt. Crim. Act. No. PS12060441I, Dkt. Entry 13; D.I. 11, Del. Super. Ct. Crim. Dkt. Crim. Act. No. PS12090607 Dkt. Entry 8) The State *nolle prossed* the charges of underage possession or consumption of alcohol, criminal trespass, and two other attempted robbery charges. (D.I. 9 at1)

On January 11, 2013, the Superior Court sentenced petitioner as follows: (1) for the second degree robbery conviction, five years at Level V with credit for 158 days previously served, suspended for one year at Level IV in a residential substance abuse

---

[1]The court notes that petitioner was in federal custody when he filed the instant application and asserts his claims under 28 U.S.C. § 2241. However, his arguments are more properly considered under § 2254, because he is challenging his Delaware state court convictions and sentence. *See Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001).

[2]Petitioner's deportation does not affect the court's jurisdiction to consider this case because petitioner was "in custody" when he filed the instant application. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998)(the "custody" requirement in § 2254 is determined at the time the application is filed).

program, with the balance of the sentence suspended for one year at Level III; and (2) for the attempted second degree robbery conviction, five years at Level V, suspended for one concurrent year at Level III. (D.I. 11, Sentence Order (Del. Super. Jan. 11, 2013)) Petitioner did not appeal his convictions and sentence or seek post-conviction review pursuant to Delaware Superior Court Criminal Rule 61.

On January 18, 2013, the Department of Homeland Security lodged a detainer against petitioner, asserting reason to believe he was an alien subject to removal from the United States. (D.I. 9 at 2) On July 17, 2013, petitioner filed in the Delaware Superior Court a petition for writ of habeas corpus. The Superior Court denied that petition on July 24, 2013. Petitioner did not appeal that decision. *Id.*

Petitioner timely filed the instant application on October 10, 2013. (D.I. 1) He was deported on December 17, 2013. (D.I. 9 at 2, 9) The State filed an answer (D.I. 9), arguing that the court should deny the application because the claims are procedurally barred.

### III. EXHAUSTION AND PROCEDURAL DEFAULT

A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). One prerequisite to federal habeas review is that a petitioner must exhaust all remedies available in the state courts. *See* 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir. 2000). A petitioner

2

satisfies the exhaustion requirement by "fairly presenting" the substance of the federal habeas claim to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider it on the merits. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir. 2000); *see Teague v. Lane,* 489 U.S. 288, 297-98 (1989). Although treated as technically exhausted, such claims are nonetheless procedurally defaulted. *Lines,* 208 F.3d at 160; *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). Similarly, if a petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. *See Coleman*, 501 U.S. at 750; *Harris v. Reed*, 489 U.S. 255, 260-64 (1989).

A federal court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999); *Coleman*, 501 U.S. at 750-51. To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, a petitioner must show that the errors during his trial created more than a possibility of prejudice; he must show that the

3

errors worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, if a petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent," *Murray*, 477 U.S. at 496, then a federal court can excuse the procedural default and review the claim in order to prevent a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger v. Frank*, 266 F.3d 218, 224 (3d Cir. 2001). The miscarriage of justice exception applies only in extraordinary cases, and actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Murray*, 477 U.S. at 496. A petitioner establishes actual innocence by asserting "new reliable evidence - -whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial," showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Hubbard v. Pinchak*, 378 F.3d 333, 339-40 (3d Cir. 2004).

## IV. DISCUSSION

Petitioner's application presents the following three grounds for relief: (1) his plea agreement is invalid; (2) he was prosecuted on the basis of his race in violation of his due process rights; and (3) defense counsel provided ineffective assistance.

The record reveals that petitioner never presented these arguments to the Delaware Supreme Court because he did not file a direct appeal or a post-conviction appeal. Although petitioner did file a petition for writ of habeas corpus in state court, he did not appeal the Superior Court's denial of that petition. Given these circumstances, petitioner did not exhaust state remedies for any of his three claims.

4

At this juncture, petitioner would be time-barred from presenting these claims to the Delaware state courts in a new Rule 61 motion in order to have an opportunity to appeal any adverse decision to the Delaware Supreme Court. See Tribuani v. Phelps, 820 F. Supp. 2d 588, 593 n.2 (D. Del. 2011). Consequently, the court must excuse petitioner's failure to exhaust but treat the claims as procedurally defaulted, meaning that the court cannot review their merits absent a showing of cause and prejudice, or that petitioner is actually innocent.

Petitioner has not alleged, and the court cannot discern, any cause for his default of his claims. In the absence of cause, the court will not address the issue of prejudice. Additionally, the court concludes that petitioner's default should not be excused under the miscarriage of justice exception to the procedural default doctrine, because he has not provided new reliable evidence of his actual innocence.

For all of the aforementioned reasons, the court will deny claims one, two, and three as procedurally barred from federal habeas review.

## V. CERTIFICATE OF APPEALABILITY

The court must decide whether to issue a certificate of appealability. See 3d Cir. L.A.R. 22.2 (2011). The court may issue a certificate of appealability only when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the denial of a constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Further, when a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that

jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. See Slack, 529 U.S. at 484.

For the reasons stated above, the court concludes that petitioner's habeas application must be denied. Reasonable jurists would not find this conclusion debatable. Consequently, petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

## VI. CONCLUSION

For the foregoing reasons, the court will deny petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254. An appropriate order will be entered.